**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**NICOLE RUSSO,**

                                 **Plaintiff,**

                  v.                                                 **1:12-CV-1616
                                                                              (FJS/DJS)**

**COUNTY OF WARREN, RICHARD T.
GRAHAM, BRYAN RAINVILLE,
THOMAS HASKELL, ROY MIHILL, and
SERGEANT CHRISTOPHER WEBSTER,**

                                 **Defendants.**

_____

**APPEARANCES**                                                  **OF COUNSEL**

**D'ORAZIO PETERSON, LLP**                **GIOVANNA A. D'ORAZIO, ESQ.**
125 High Rock Avenue                          **SCOTT M. PETERSON, ESQ.**
Saratoga Springs, New York 12866
Attorneys for Plaintiff

**LEMIRE, JOHNSON & HIGGINS, LLC**     **GREGG T. JOHNSON, ESQ.**
2534 Route 9, P.O. Box 2485                  **APRIL J. LAWS, ESQ.**
Malta, New York 12020
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION AND BACKGROUND**

Currently pending before the Court is Defendant Richard T. Graham's motion for partial reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.1(g).[1] *See generally* Dkt. No. 80-1, Defendant Graham's Memorandum of Law; Dkt. No. 82, Plaintiff's Memorandum of Law.

On December 1, 2015, the Court issued a Memorandum-Decision and Order in which it, among other things, granted in part and denied in part Defendants' motion for summary judgment. *See* Dkt. No. 78. Relevant to the instant motion, the Court denied Defendant CO Graham's motion with respect to Plaintiff's Eighth Amendment excessive force claims and related state-law assault and battery claims. *See id.* at 24 n.4.[2]

In support of his motion, Defendant CO Graham argues that the "undisputed video depicting Defendant [CO] Graham makes clear that he never engaged in any tortious or other action that violated Plaintiff's Eighth Amendment rights," and that accordingly "there can be no triable question of fact as to whether [he] violated Plaintiff's Eighth Amendment rights or committed state-law assault and battery upon her since he did not physically lay a hand upon her." *See* Dkt. No. 80-1, Def.'s Mem., at 6; *see also* Dkt. No. 68-19, Graham Aff., at ¶¶ 7-9.

---

[1] Although Defendant CO Graham cites Rule 59(e) of the Federal Rules of Civil Procedure, it does not control here because it only applies to final judgments. *See* Fed. R. Civ. P. 59(e) (providing timeline for a "motion to alter or amend a judgment"). Defendant CO Graham's reliance on Local Rule 7.1(g), however, is correct, and his motion properly falls under Rule 60 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(b) (providing grounds for relief from court orders).

[2] All citations in this Memorandum-Decision and Order to the record refer to the system-generated CM/ECF pagination in the document headers, not the original document pagination.

## II. DISCUSSION

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). It is well-settled that a motion for reconsideration "'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple" . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation omitted). Thus, a court may justifiably reconsider its previous ruling if (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation omitted).

In this case, Defendant CO Graham presents neither an intervening change of controlling law nor any new evidence. However, in its previous ruling, the Court did not directly address the issue of whether Defendant CO Graham was entitled to summary judgment in light of the fact that he did not touch Plaintiff or otherwise directly participate in her transfer between cells during which the alleged use of excessive force took place. For this reason, the Court grants Defendant CO Graham's motion for reconsideration. *See Shrader*, 70 F.3d at 257. In so doing, the Court incorporates by reference those portions of the its December 1, 2015 Memorandum-Decision and Order that recite

the facts of the case and the legal standards governing summary judgment motions and Plaintiff's Eighth Amendment excessive force claims. *See* Dkt. No. 78.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). However, a corrections officer who, though not participating, is present while an assault upon an inmate occurs may nonetheless bear responsibility for any resulting constitutional deprivation. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). It is well-established that a law enforcement official has an affirmative duty to intervene on behalf of an individual whose constitutional rights are being violated in his presence by other officers. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). In order to establish liability under this theory, a plaintiff must prove first that someone other than the defendant in question used excessive force against her, and second that the defendant in question (1) possessed actual knowledge of the use of excessive force by another officer; (2) "had a realistic opportunity to intervene and prevent the harm from occurring;" and (3) "nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force." *Cicio v. Lamora*, No. 9:08-CV-431, 2010 WL 1063875, *8 (N.D.N.Y. Feb. 24, 2010) (citing *Curley,* 268 F.3d at 72) (other citation omitted), *rept. & rec. adopted*, 2010 WL 1063864 (N.D.N.Y. Mar. 22, 2010).

In this case, the Court finds that there are genuine issues of material fact with respect to whether Defendant CO Graham failed to intervene regarding Plaintiff's allegation that Defendant COs placed her in excessively tight handcuffs. With respect to Defendant CO Graham's knowledge, as the Court noted in its Memorandum-Decision and Order, Plaintiff testified that she began telling Defendant COs that she was not resisting and that they need not use so much force with her

beginning at her A Pod cell. According to Defendant CO Graham, he could hear the goings on in Plaintiff's cell and throughout A Pod while he was stationed there. *See generally* Dkt. No. 68-19, Graham Aff. Further, as the Court found, due to lack of sound in the security video, it is impossible to confirm or deny what Plaintiff may or may not have been saying to Defendant COs. Thus, a reasonable jury could find that Defendant CO Graham heard Plaintiff tell the other Defendant COs that she was not resisting and that they needn't use so much force. Accordingly, there is a genuine issue of material fact with respect to his knowledge of the alleged excessive force.

With respect to the second element, the Court finds that there is a genuine dispute regarding whether Defendant CO Graham had a realistic opportunity to intervene on Plaintiff's behalf. One important factor in determining what constitutes a realistic opportunity to intervene is the duration of the alleged misconduct. *See, e.g.*, *Donohue v. Lambert*, No. 7:13CV397, 2015 WL 9220020, *2 (W.D. Va. Nov. 16, 2015) (collecting cases), *rept. & rec. adopted*, 2015 WL 9200926, *2 (W.D. Va. Dec. 16, 2015). In particular, courts have held that there was no realistic opportunity to intervene where the conduct in question was "fairly immediate," or the entire incident happened very quickly. *See id.* (quoting *Rogoz v. City of Hartford*, 796 F.3d 236, 251 (2d Cir. 2015)). In this case, although Defendant CO Graham emphasizes the fact that Plaintiff's A Pod cell extraction took fourteen seconds, the security video shows that it took a further twenty-six seconds for Plaintiff to cross the A Pod area where Defendant CO Graham was stationed at the desk, during which time they walked within a few feet of his post. *See* Dkt. No. 78, Memorandum-Decision and Order, at 5; Dkt. No. 69, Defs.' Ex. "A," (A Pod view). For these reasons, the Court finds that a reasonable jury could find both that Defendant CO Graham had approximately forty seconds in Plaintiff's presence where the

other Defendant COs were allegedly twisting Plaintiff's handcuffs, causing injury to her wrists and that, accordingly, he had a realistic opportunity to intervene on her behalf.

Finally, there is no dispute with respect to the third element, namely, that Defendant CO Graham did not actually intervene on Plaintiff's behalf.[3] For these reasons the Court, upon reconsideration, reaffirms its earlier ruling and denies Defendant CO Graham's motion for summary judgment with respect to Plaintiff's Eighth Amendment excessive force claim.[4]

### III. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant CO Graham's motion for reconsideration, *see* Dkt. No 80-1, is **GRANTED**; and the Court further

**ORDERS** that Defendant CO Graham's renewed motion for summary judgment is **DENIED** with respect to Plaintiff's Eighth Amendment excessive force claim; and the Court further

---

[3] Of course, Plaintiff will still have to prove that Defendant CO Graham's actions amounted to deliberate indifference to her safety. *See Rosen v. City of N.Y.*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) (instructing that, "[i]n the context of a failure to intervene claim, 'an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene'" (quotation omitted)).

[4] Additionally, with respect to Plaintiff's related state-law assault and battery claims against Defendant CO Graham, the Court finds that there is no genuine dispute that Defendant CO Graham did not touch Plaintiff and further that it is undisputed that Defendant CO Graham did not place Plaintiff in fear of imminent bodily harm or offensive contact. Accordingly, the Court grants Defendant CO Graham's motion with respect to Plaintiff's related state-law assault and battery claims. *See Graham v. City of N.Y.*, 928 F. Supp. 2d 610, 624-25 (E.D.N.Y. 2013) (granting summary judgment on state-law assault and battery claims as against defendant who allegedly failed to intervene where it was undisputed that the defendant did not put plaintiff in fear of imminent harmful or offensive contact).

**ORDERS** that Defendant CO Graham's renewed motion for summary judgment is **GRANTED** with respect to Plaintiff's state-law assault and battery claims.

**IT IS SO ORDERED.**

Dated: March 1, 2016
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge